IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANNING GREEN,<br><br>    Plaintiff,<br><br>  v.<br><br>S. THOMPSON; SERGEANT STOLTENBERG; SERGEANT M. BLOISE; CAPTAIN DONAHUE; LIEUTENANT GARY FULLER; VINCENT S. CULLEN; SERRITENO; CALIFORNIA STATE PRISON, SAN QUENTIN,<br><br>    Defendants.<br>_____ / | No. C 10-5721 WHA (PR)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; SCHEDULING MOTION FOR SUMMARY JUDGMENT; DENYING MOTION TO PROCEED TO JURY TRIAL<br><br><br>(Docket Nos. 19 & 33) |

**INTRODUCTION**

Plaintiff, a California prisoner currently incarcerated at California State Prison, Corcoran ("Corcoran"), filed this pro se civil rights action in state court regarding the conditions of his confinement at San Quentin State Prison ("SQSP"). Because the first amended complaint contained federal claims under 42 U.S.C. 1983, defendants S. Thompson, Sergeant Stoltenberg, Sergeant M. Bloise, Captain Donahue, Lieutenant Gary Fuller, Vincent S. Cullen, Serriteno, timely removed the case to federal court. *See* 28 U.S.C. 1441, 1367. Following a review of plaintiff's claims under 28 U.S.C. 1915(a), the claims against SQSP itself were dismissed, discovery was opened, and dispositive motions were scheduled. Defendants have filed a motion to dismiss, plaintiff has filed a number of opposition papers (docket numbers 28, 29, and 31), and defendants have filed a reply brief. For the reasons discussed below, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Summary

judgment motions are scheduled below.

## STATEMENT

Plaintiff alleges the following facts in his amended complaint:

On May 22, 2009, defendant Thompson, a correctional officer grabbed his own groin and asked plaintiff if he wanted to "see the sausage between my legs" (Defs. Req. Jud. Not., Ex. B at AGO-013). Plaintiff told defendant Sergeant Stoltenberg about it, and Stoltenberg advised plaintiff to file an administrative grievance (*ibid.*).

On June 9, 2009, Thompson searched plaintiff, said "I like being fucked in my ass! Do you?," and grabbed plaintiff's buttocks and testicles (*id.* at AGO-013 - AGO-014). Plaintiff told defendant Stoltenberg about it again, and Stoltenberg again advised plaintiff to file an administrative grievance (*id.* at AGO-014). The next day plaintiff was issued a "rules violation report" for making threats to the staff (*ibid.*).

On June 11, 2009, Thompson searched Plaintiff again, asked him "Are you sure you don't wanna see the sausage between my legs?," and again grabbed Plaintiff's buttocks and testicles (*ibid.*). Plaintiff told defendant Bloise about it, and she and Thompson escorted him to an administrative office (*ibid.*). Thompson then placed plaintiff in mechanical restraints so tightly that they cut the skin of his wrists and ankles (*id.* at AGO-014-15). He alleges that he asked for a nurse but was denied medical care (*id.* at AGO-015).

Plaintiff was subsequently transferred to administrative segregation, where he experienced a myriad of "problems" with correctional officers issuing him false rules violation reports (*ibid.*). Plaintiff had a nervous breakdown and was sent for mental health care to the California Medical Facility in Vacaville (*id.* at AGO-016).

Plaintiff alleges that he was returned to SQSP on September 16, 2009, and on September 22, 2009, he was summoned to defendant Lieutenant Fuller's office for a counseling session (*ibid.*). In Fuller's office he was "assaulted with a chair" and "then jumped by corrections officers" (*ibid.*). He then received an allegedly false rules violation report for assaulting staff (*ibid.*).

Plaintiff claims that Thompson and the other defendants violated his Eighth Amendment

2

right to be free from cruel and unusual by sexually harassing him and using excessive force against him. Plaintiff also claims that defendants have violated his Eighth Amendment right to adequate medical care. Defendants argue that the claims should be dismissed because they are unexhausted and, alternatively, because they fail to state a cognizable claim for relief.

**ANALYSIS**

**I.    Exhaustion**

A. Standard of Review

Nonexhaustion under § 1997e(a) is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Id.* at 215-17.

A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding such a motion – a motion to dismiss for failure to exhaust nonjudicial remedies – the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. *Id.* at 1120.

B. Analysis

Defendants argue that plaintiff has failed to exhaust his administrative remedies with respect to all of his claims except for his claim that defendant Thompson sexually harassed him on June 9, 2009.

Section 1997e of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 534 U.S. at 524.

3

1    The State of California provides its inmates and parolees the right to appeal
2 administratively "any departmental decision, action, condition or policy perceived by those
3 individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  In order
4 to exhaust available administrative remedies within this system, a prisoner must proceed
5 through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC
6 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4)
7 third level appeal to the Director of the California Department of Corrections. *Id.* § 3084.5;
8 *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the administrative
9 remedies exhaustion requirement under § 1997e(a).  *Id.* at 1237-38.

10   Plaintiff filed an administrative grievance complaining that Thompson made sexually
11 harassing comments and grabbed plaintiff's buttocks and testicles on June 9, 2009 (Mossler
12 Decl. Ex. B at AGO-021).  This grievance was appealed through the Director's Level of Review
13 (Opp. Ex. A).  Defendants concede that this administrative grievance exhausted the claim that
14 Thompson sexually harassed him on June 9, 2009.  The administrative grievance did not
15 complain of any other conduct by Thompson, either on June 9 or on any other day, nor did it
16 complain about any conduct by any other defendant (*ibid.*).  Consequently, the grievance only
17 exhausted plaintiff's claim that Thompson sexually harassed him on June 9, 2009.

18   Defendants have shown that plaintiff did not exhaust any other administrative appeals.
19 They have submitted evidence that the prison's inmate appeals tracking system, which tracks all
20 inmate grievances that are not "screened" out for a procedural defect, indicates that plaintiff
21 filed no other administrative grievances (Mossler Decl., Ex. G at AGO-037 - AGO-040).  The
22 absence of records of any other appeals in the inmate tracking system shows the nonexistence
23 of any administrative appeals that were not screened out given that all such appeals are
24 regularly tracked and preserved in that system.  *See* Fed. R. Evid. 803(7).

25   Plaintiff asserts that he filed other appeals, but never received a response.  Plaintiff has
26 not submitted any evidence of any such appeals, however, such as copies of the appeals, or any
27 of his own records showing what appeals he filed.  If he filed any appeals that were "screened
28 out," he would have been sent a letter describing the problem with the appeal.  *See* 15 Cal. Code

4

Regs. 3084.3(d). He has not submitted copies of any such letters. Moreover, plaintiff has not even described any of the additional appeals that he allegedly filed, such as when they were filed, how many of them he filed, what they were about, which defendants' actions were challenged, or the prison official to whom he gave them. Plaintiff claims that he needs to conduct discovery on the exhaustion issue, but if he filed any additional administrative appeals, he would know about them. In any case, defendants have already shown that they have no evidence of any additional administrative appeals that they could give to plaintiff in discovery. Absent evidence of any other appeals filed by plaintiff, and in light of defendants' evidence that no other appeals appear in their records that regularly track inmate appeals, his allegations that he filed additional appeals does not establish their existence let alone that they properly exhausted any of his claims.

Consequently, defendants have shown that plaintiff has only exhausted his claim against Thompson for sexually harassing him on June 9, 2009. The remainder of the claims will be dismissed without prejudice for failure to exhaust.

## II. **Failure to State a Claim**

Defendants argue that plaintiff's claims should be dismissed for failure to state a cognizable claim for relief. Defendant's argument need only be addressed with respect to plaintiff's claim that Thompson sexually harassed him on June 9, 2009, in violation of the Eighth Amendment, because plaintiff's other claims against Thompson and the other defendants are dismissed on exhaustion grounds.

### A. Standard of Review

Failure to state a claim is a grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

5

1  statement need only give the defendant fair notice of what the . . . . claim is and the grounds
2  upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal
3  quotations omitted). Although in order to state a claim a complaint "does not need detailed
4  factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to
5  relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a
6  cause of action will not do. . . . Factual allegations must be enough to raise a right to relief
7  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)
8  (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is
9  plausible on its face." *Id.* at 1986-87. A motion to dismiss should be granted if the complaint
10 does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570;
11 *see, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

12 Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18
13 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or
14 documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v.*
15 *County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take
16 judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R.
17 Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the
18 light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d
19 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are
20 merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

21 A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be
22 held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S.
23 at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Allegations of fact in the
24 complaint must be taken as true and construed in the light most favorable to the non-
25 moving party. *Symington*, 51 F.3d at 1484.

26     B.    <u>Analysis</u>

27 Defendants argue that plaintiff's claim of sexual harassment on June 9, 2009, should be
28 dismissed because there is no allegation of any physical injury arising from the harassment that

day. "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. 1997e(e). Claims for declaratory and injunctive relief are unaffected by Section 1997e(e), however, *Zehner v. Trigg*, 133 F.3d 459, 464 (7th Cir. 1997), as are claims for nominal or punitive damages, *see Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002); *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000). As plaintiff does not allege any physical injury arising from the Thompson's alleged sexual harassment on June 9, his claim for compensatory damages for the alleged mental and emotional injuries he suffered must be dismissed. His claims for injunctive relief, punitive damages, declaratory relief and nominal damages, however, are not barred by Section 1997e(e).

Plaintiff's claim for injunctive relief, specifically to be transferred out of SQSP, is barred for another reason, however. On May 11, 2011, prison officials granted his request and transferred him to Corcoran. As he has already received the injunctive relief he sought, his request for injunctive relief will be dismissed as moot.

Defendants also argue that the claim should be dismissed because Thompson's alleged sexual misconduct does not rise to the level of an Eighth Amendment violation. A prisoner may state an Eighth Amendment claim under Section 1983 for sexual harassment if the alleged sexual harassment was sufficient to violate contemporary standards of decency and cause more than de minimis injury. *See Jordan v. Gardner*, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc). Defendants argue that Thompson's alleged conduct was insufficient because it was merely verbal. It is true that mere verbal sexual harassment does not necessarily amount to an Eighth Amendment violation. *See Austin v. Williams*, 367 F.3d 1167, 1171-72 (9th Cir. 2004). Thompson is alleged to have done more than simply verbally harass plaintiff on June 9, 2009, however. Plaintiff alleges that Thompson also grabbed plaintiff's buttocks and testicles before he said, "I like being fucked in my ass! Do you?" (Defs. Req. Jud. Not. Ex. B at AGO-013 - AGO-014). This alleged combination of highly vulgar sexual comments and sexual touching amounts to more than mere verbal harassment. *Compare Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (no Eighth Amendment violation where employees briefly touched

7

1  inmate's buttocks but did not make any sexual comments or banter).  Moreover, the allegations
2  reasonably indicate that Thompson's behavior on June 9 was part of a larger pattern of sexual
3  harassment insofar as plaintiff alleges other incidents shortly before and after in which
4  Thompson also grabbed plaintiff's buttocks and testicles and made other vulgar sexual remarks.
5  Although independent claims based on those other incidents have not been exhausted, the
6  incidents could nonetheless evince of a larger pattern of harassment by Thompson that rendered
7  the harassment on June 9 more severe and threatening than if it were an isolated event.

8  Thompson's alleged sexual harassment on June 9, 2009, when accepted as true and
9  liberally construed, is sufficient to state a cognizable claim for the violation of plaintiff's Eighth
10 Amendment rights.  Thompson is not entitled to qualified immunity on this claim when
11 plaintiff's allegations are accepted as true and liberally construed in his favor because
12 Thompson cannot have reasonably believed that fondling plaintiff and making vulgar and
13 sexual remarks to plaintiff was lawful.   Accordingly, this claim, to the extent it seeks
14 declaratory, nominal and punitive damages, will not be dismissed.

15 Lastly, defendants have shown that plaintiff's state law claims must be dismissed
16 because plaintiff did not comply with the California Tort Claims Act's deadlines for filing tort
17 claims against the state government and state officials.  *See* Cal. Gov. Code 911.2.
18 Accordingly, plaintiff's state law claims will be dismissed.

## CONCLUSION

20  1. Defendants' motion to dismiss (docket number 19) is **GRANTED IN PART AND**
21 **DENIED IN PART**.  Plaintiff's claim for declaratory relief and nominal and punitive damages
22 against Thompson for sexually harassing him on June 9, 2009, is not dismissed.  All of
23 plaintiff's claims against Thompson and the other defendants are **DISMISSED** without prejudice
24 to refiling after they have been properly exhausted.

25  2. In order to expedite the resolution of this case, the court orders as follows:
26   a. No later than ninety days from the date this order is filed, defendants shall file
27 a motion for summary judgment.  If defendants are of the opinion that this case cannot be
28 resolved by summary judgment, they shall so inform the court prior to the date the summary

8

judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

      b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

      c. Defendants **shall** file a reply brief no later than fifteen days after the date the opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

5. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Plaintiff's motion to proceed directly to a jury trial (docket number 33) is **DENIED**. Dates for a trial will be set, if necessary, following resolution of any summary judgment motions.

**IT IS SO ORDERED.**

Dated: March   7  , 2012.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\GREEN5721.MTD.wpd

9

**NOTICE -- WARNING**
**(SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING**
**(EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.