IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANNING GREEN, | No. C 10-5721 WHA (PR) |
| Plaintiff, | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| S. THOMPSON; SERGEANT STOLTENBERG; SERGEANT M. BLOISE; CAPTAIN DONAHUE; LIEUTENANT GARY FULLER; VINCENT S. CULLEN; SERRITENO; CALIFORNIA STATE PRISON, SAN QUENTIN, | (Docket No. 40) |
| Defendants. | |

**INTRODUCTION**

Plaintiff, a California prisoner currently incarcerated at California State Prison, Corcoran ("Corcoran"), filed this pro se civil rights action in state court regarding the conditions of his confinement at San Quentin State Prison ("SQSP"). Because the first amended complaint contained federal claims under 42 U.S.C. 1983, defendants S. Thompson, Sergeant Stoltenberg, Sergeant M. Bloise, Captain Donahue, Lieutenant Gary Fuller, Vincent S. Cullen, Serriteno, timely removed the case to federal court. *See* 28 U.S.C. 1441, 1367. After defendants' motion to dismiss was granted in part, plaintiffs only remaining claim is for declarative, nominal and punitive damages against defendant Thompson for violating his Eighth Amendment rights on June 9,2009. Defendant Thompson has filed a motion for summary judgment, and plaintiff was given the warning about summary judgment motions required by *Rand v. Rowland*, 154 F.3d 952,953-954 (9th Cir. 1998) (en banc). Despite that warning, plaintiff has not opposed

defendants' motion. For the reasons discussed below, the motion for summary judgment is **GRANTED**.

## ANALYSIS

A. STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid*.

B. ANALYSIS

The motion for summary judgment is unopposed. A district court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993); *see Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact).

Plaintiffs remaining claim is that Thompson violated his Eighth Amendment rights by sexually harassing him during a search on June 9, 2009. Plaintiff alleges in his amended complaint that Thompson said to him, "I like being fucked in my ass! Do you?" and grabbed plaintiff's buttocks and testicles (Def. Req. Jud. Not., Ex. B at AGO 013-014). Sexual

1  harassment of a prisoner violates the Eighth Amendment prohibition on cruel and unusual
2  punishment if it is egregious, pervasive and/or widespread. *See, e.g.*, *Jordan v. Gardner*, 986
3  F.2d 1521, 1524-25 (9th Cir. 1993) (en banc).

4      The papers filed in support of the motion for summary judgment show that Thompson
5  was not working at the prison on June 9, 2009. Thompson submits a declaration stating as
6  much, and that he did not speak to or touch plaintiff on that day (Thompson Decl. ¶ 4). This
7  declaration is supported by his time sheets showing that he did not work on June 9, and that it
8  was one of his regular days off (*id.* Exh. A). Plaintiff does not submit evidence in opposition,
9  but because the amended complaint is verified, his allegations about Thompson's words and
10 actions on that day may be considered as opposing evidence. *See Schroeder v. McDonald*, 55
11 F.3d 454, 460 & nn.10-11 (9th Cir. 1995). The factual dispute over whether Thompson said and
12 did what plaintiff alleged, however, is not a "genuine" factual issue within the meaning of
13 *Celotex*. The accuracy of the time sheets showing Thompson's absence on June 9, consistent
14 with his regular work schedule is not called into question by any evidence submitted by plaintiff
15 or otherwise in the record. As a result, a fact-finder would not have any reasonable basis to
16 find them, as opposed to Plaintiff's memory, inaccurate. In any event, the sexual harassment
17 alleged here occurred on between one and three occasions over approximately three weeks;
18 unlike long-term daily harassment or policies that permit sexual harassment, this could not
19 reasonably be found "egregious, pervasive and/or widespread" so as to rise to the level of a
20 constitutional violation. *Cf. Jordan*, 986 F.2d at 1524-25 (prison policy requiring male guards
21 to conduct body searches on female prisoners); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th
22 Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two
23 months by conducting deliberate examination of genitalia and anus).

24     Because the evidence submitted by Thompson and the papers in the record reveal no
25 genuine issue of material fact in connection with plaintiff's remaining claim, Thompson is
26 entitled to summary judgment.

27 //
28 //

**CONCLUSION**

The motion for summary judgment (dkt. 40) is **GRANTED**.  The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February  11 , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\GREEN5721.MSJ.wpd

4